IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY TABOR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-888 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| | ) | |
| STEPHANUS J. MYNHARDT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

The parties' Motions in Limine are resolved, as follows.

Plaintiff's Motion (**Doc. 37**) to remove the question of factual cause from the verdict slip and jury charge is **DENIED**. Plaintiff cites case law indicating that, where the parties' experts agree that the accident caused some degree of injury, and they only disagree regarding the severity, factual cause is not properly before the jury. *See* Doc. 38 at 3-5. Here, however, Defendants' expert merely stated that the accident "caused [Plaintiff] some neck pain and right shoulder pain that may have been a strain of the muscles around the neck and shoulder while bracing with the steering wheel and the whiplash injury." Doc. 44-1 at pg. 11 of 13. The remainder of the report unequivocally opines that the injuries of which Plaintiff complains are, in fact, the result of degenerative conditions and are not related to the accident. *See generally* Doc. 44-1.

Plaintiff's argument, at bottom, is more semantical than substantive. Defendants' expert report, at most, indicates that Plaintiff suffered a modicum of pain as a result of the accident. On some level, pain caused by any external source is "injury," but that is not the type of injury

relevant in this case. The jury should, and will, be permitted to consider the parties' competing evidence and expert opinions regarding whether Plaintiff suffered *compensable* injury as a result of the negligence of any party.

Next are the parties' Motions (**Docs. 39 & 41**) regarding Plaintiff's putative wage loss, and his tax returns. Notwithstanding the withdrawal of his wage claim, Plaintiff's ability to work, post-accident, bears directly on his credibility vis-à-vis subjective reports of pain and limitation. To the extent that Plaintiff argues that such evidence would be more prejudicial than probative (or unduly prejudicial in any way), the Court rejects this contention.

Certainly, Defendants are entitled to inquire as to whether Plaintiff was employed, post-accident, and the particulars of that employment. Defendants also are entitled to explore proof of such employment, and such proof may take the form of wage statements and tax returns. As to these particular inquiries, admissibility will need to be assessed in the context in which they arise and, therefore, a ruling on the appropriateness of particular questions is deferred until trial.

As for Plaintiff's purported invocation of Fifth Amendment privilege, "[i]t is for the court and not the party asserting the privilege to decide if [his] silence is justified," and "the party invoking the privilege must provide the [C]ourt with enough information to decide [whether] a response to the question would be incriminating." Sperber v. Elwell, 2014 WL 12621964, *10 (D. N.J. Jun. 26, 2014) (citations omitted). The Court cannot, and will not, presume on this record that Plaintiff's putative failure to file tax return(s) is incriminating. *See* Moore v. Granlund, 2020 WL 1285329, at *3 (M.D. Pa. Mar. 18, 2020) ("Federal law provides that not all individuals must file income tax returns . . . . Similarly, only the willful failure to file a required

income tax return is criminal."). Accordingly, Plaintiff's Motion is **DENIED**, and Defendants' Motion **GRANTED**, as just described.

Turning to Defendants' Motion regarding Plaintiff's past medical bills (*see* **Doc. 41**), the request is **DENIED AS MOOT**. Plaintiff has agreed not to introduce such evidence, and the Court acknowledges Plaintiff's reservation of rights. *See* Doc. 43 (so agreeing, except that Plaintiff may "reference past amounts on re-direct or cross of Plaintiff's or Defendants' experts, should the issue of past-paid, or past-billed amounts be brought into evidence by Defendant[s]").

Finally, Defendants have moved to withdraw their request (*see* **Doc. 41**) to preclude evidence of Plaintiff's non-economic damages. The Motion to withdraw (**Doc. 46**) is **GRANTED**.

IT IS SO ORDERED.

February 10, 2022         s\Cathy Bissoon
                          Cathy Bissoon
                          United States District Judge

cc (via ECF email notification):

All Counsel of Record